UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robin Fuller,<br><br>　　　Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services, LLC<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011<br><br>　　　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of New York.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around September 7, 2011, Defendant communicated with Plaintiff to collect the Debt.

10- During this communication, Plaintiff notified Defendant that Plaintiff retained an attorney to file for bankruptcy and provided the attorney's contact information to Defendant.

11- On or around September 12, 2011, despite having notice of Plaintiff's representation, Defendant communicated with Plaintiff about the Debt.

12- During this communication, Plaintiff again notified Defendant that Plaintiff retained an attorney to file for bankruptcy and provided the attorney's contact information to Defendant.

13- On or around October 5, 2011, despite having notice of Plaintiff's representation, Defendant communicated with Plaintiff about the Debt.

14- During this communication, Defendant acknowledged that they had spoken to Plaintiff before and been told about her attorney.

## COUNT I

15- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

16- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## JURY DEMAND

19- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312.242.1841
richard@meierllc.com
*Attorney for Plaintiff*